IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ORGANIC SEDIMENT REMOVAL SYSTEMS, )<br>LIMITED LIABILITY COMPANY, a Wisconsin )<br>Limited Liability Company, )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>BRIAN PIRL and MIDWEST CAPS & )<br>ACCESSORIES, INC., d/b/a AQUA VAC INC., )<br>an Illinois corporation, )<br>)<br>Defendants. ) | No. 08 C 976<br><br>Judge Aspen<br><br>Magistrate Judge Nolan |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, Brian Pirl and Midwest Caps & Accessories, Inc., d/b/a Aqua Vac Inc., ("Defendants"), by their attorneys, David S. Wayne, Hal R. Morris and Jenifer H. Caracciolo, (Arnstein & Lehr, LLP, *of counsel*), submit the following reply in support of their motion to dismiss Plaintiff's complaint:

**Introduction**

Plaintiff's nine-count complaint is a classic example of including "everything but the kitchen sink" in its claims for relief. However, what is most telling from plaintiff's response is the complete refusal to specify the particular trade secrets purportedly at issue. Thus, as in the complaint, the response continues plaintiff's failed reference to generalized categories of documents. At the very center of a trade secret case is a bona fide identifiable trade secret. Here, though, that very fundamental element is lacking. This misgiving is compounded by the unavoidable fact that the Illinois Trade Secrets Act (and Wisconsin Trade Secrets Act) preempt the

- 1 -

majority of the claims made.  (Counts III, V-IX).  See Hecny Transp., Inc. v. Chu, 430 F.3d 402, 404 (7th Cir. 2005); RTC Industries, Inc. v. Haddon, 2007 WL 2743593, at *3 (N.D. Ill. Sept. 10, 2007).  At the end of the day, the claims brought by plaintiff are preempted and, even if not, fail to state a claim. Plaintiff's complaint does not plausibly suggest (above a speculative level) that Plaintiff has a right to any relief.

## Argument

### A.  Plaintiff Relies Upon an Improper Motion to Dismiss Standard.

Contrary to Plaintiff's assertions, the Supreme Court (as recognized by the Seventh Circuit Court of Appeals) has made clear that a complaint must go further than giving mere notice to a defendant of a suit.  Rather, Federal Rule Civil Procedure 8 imposes two pleading hurdles.  EEOC v. Concentra Health, 496 F.3d 773, 776 (7th Cir. 2007).  First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007).  Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court. Id. at 1965.

In its response, plaintiff cites Fast Food Gourmet, Inc. v. Little Lady Foods, Inc., 2007 WL 1175577 (N.D. Ill. Apr. 20, 2007), as the basis of its argument that its pleading is sufficiently detailed.  This case, however, is inapposite, in light of the Supreme Court's recent rejection of the famous remark in Conley v. Gibson from which they derive that "a complaint should be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief." Bell Atlantic, 127 S. Ct. at 1968. This is no longer the appropriate standard to apply. Rather, as the Bell Atlantic Court explained, "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief" by providing allegations that "raise a right to relief above the speculative level." Id. at 1965, 1968-69. Finally, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations in original).

Plaintiff (apparently recognizing the infirmity of its own complaint) urges this Court to apply a pre-Bell Atlantic standard. This is improper and in contravention of the law. Contrary to Plaintiff's assertions, Defendants are not improperly applying fact-pleading standards to assert that Plaintiff's complaint is insufficiently plead, but rather, the "notice plus" pleading as now required by the Supreme Court. When viewed under the current Bell Atlantic standard, Plaintiff's complaint must be dismissed.[1]

### B. Counts III and V-IX of Plaintiff's Complaint are Preempted by ITSA or WTSA.

As a threshold matter, significant portions of the complaint are preempted. Even under the narrow preemption rule articulated by the Seventh Circuit in Hecny Transp., Inc. v. Chu, 430 F.3d 402 (7th Cir. 2005), plaintiff's claims are still foreclosed because they rest on conduct that is said to misappropriate trade secrets. RTC Industries, Inc. v. Haddon, 2007 WL 2743583, at *3 (N.D. Ill. Sept. 10, 2007). For example, plaintiff's claims for breach of duty of loyalty and honesty, tortious interference with prospective

---

[1] In its response, plaintiff improperly refers to an "Exhibit A," a certified copy of Application for an Assumed Name, which is beyond plaintiff's complaint. Such materials are not and should not be considered on defendants' motion to dismiss. Loeb Indus., Inc. v. Sumitomo Corp., 306 F.3d 469, 479 (7th Cir. 2002).

business advantage, accounting, unjust enrichment and conversion, as plead, rely on the very same conduct which plaintiff alleges gives rise to its misappropriation of trade secrets claims. Moreover, regardless of whether plaintiff's claims satisfy the Hecny test, all of plaintiff's claims for relief rest on single, conclusory statements, which surely do not meet the obligation to provide the grounds of its entitlement to relief beyond the "formulaic recitation of the elements of [its] cause[s] of action."

Even the cases relied upon by plaintiff support a finding of preemption. In Cardionet, Inc. v. Lifewatch Corp., 2008 WL 567223 (N.D. Ill. Feb. 27, 2008), for example, the court dismissed plaintiff's conversion, fraud, and unfair competition claims because the allegations rested on the same conduct giving rise to misappropriation of trade secrets and thus were preempted by ITSA. Additionally, in Fast Food Gourmet, Inc. v. Little Lady Foods, Inc., 2006 WL 1460461, at *2 (N.D. Ill. Apr. 6, 2006), the court denied defendant's motion to dismiss plaintiff's unjust enrichment claim because the alleged misappropriation pertained to physical manufacturing equipment and *not* to ideas or information.

Here, plaintiff has not alleged (nor can it) that Pirl or Aqua Vac converted or used OSR's equipment for their benefit. Rather, OSR's allegations stem from Pirl and Aqua Vac's purported use of a "similar device" and use of knowledge and information. (Complaint, ¶ 16). As it should here, this Court has preempted unjust enrichment claims on similar grounds: Nilssen v. Motorola, Inc., 963 F. Supp. 664, 673 (N.D. Ill. 1997) (preempting unjust enrichment claim regarding defendant's use of information about plaintiff's ballast technology); Web Communications Group, Inc. v. Gateway 2000, Inc., 889 F. Supp. 316, 318 (N.D. Ill. 1995) (preempting unjust enrichment claim regarding

defendant's use of plaintiff's idea for a magazine advertisement insert). Thus, even when viewing the complaint in the light most favorable to the plaintiff, none of the allegations referenced in counts III (breach of duty of loyalty and honesty), V (tortious interference with confidentiality agreement), VI (tortious interference with prospective business advantage), VII (accounting), VIII (unjust enrichment) and IX (conversion) arise out of any conduct other than the alleged misappropriation of a "trade secret." As such, these counts/claims are wholly preempted by the statutory schemes of the ITSA and WTSA, and accordingly, must be dismissed.

**C.     Counts I and II Fail to State a Claim Under ITSA and WTSA.**

Separate and apart from ITSA and WTSA's statutory preemption is the failure to state a claim for relief. Thus, although ITSA and WTSA preempt common law claims, to prevail under either statute still requires a proper pleading. Here, however, for any number of reasons plaintiff fails to state a claim under either statute.

The purported "trade secrets," in plaintiff's own words, which form the basis of plaintiff's claims are: "the assembly of the OSR Apparatus," "the development of the OSR Apparatus," "the function of the various components of the OSR Apparatus," "techniques in using the OSR Apparatus," "pricing information," "potential customer contacts," and "other information that can be classified as "trade secrets" under Illinois or Wisconsin law." (Complaint, ¶ 14). At a most fundamental level, the complaint is far from sufficient in terms of identifying these alleged "trade secrets." Plaintiff offers nothing more than vague descriptions of purported trade secrets and then asks defendants and the Court to speculate as to the identity and character of the "trade

secrets."  Without more, such allegations are clearly insufficient to state a legally recognizable claim.

The law is clear that a plaintiff "cannot state a claim for trade secret protection under the Act by simply 'producing long lists of general areas of information which contain unidentified trade secrets.'  Instead, he must articulate protectable trade secrets with specificity or suffer dismissal of his claim."  Nilssen v. Motorola, Inc., 963 F. Supp. 664, (N.D. Ill. 1997) (applying Illinois law) (quoting Lear Siegler, Inc. v. Glass Plastics Corp., 1987 WL 15749, at *2 (N.D. Ill. Aug. 12, 1987) (applying Illinois law));  ECT Intern., Inc. v. Zwerlein, 597 N.W.2d 479, 482 (Wis. App. 1999).  Clearly, plaintiff's identification of the general areas of information which are unilaterally labeled as "critical to OSR's business" is legally insufficient.  Quite simply, plaintiff has completely failed to identify what, if anything, about this information makes it "secret," "confidential," or "proprietary," much less what the information is.  As stated in Composite Marine Propellers, Inc. v. Van Der Woude, 962 F.2d 1263, 1266 (7th Cir. 1992), "[i]t is not enough to point to broad areas of technology and assert that something there must have been secret and misappropriated.  The plaintiff must show concrete secrets."  Plaintiff does not do so here.

Plaintiff also fails to allege how its purported trade secrets "derive independent economic value," as required by both Acts. 765 ILCS 1065/2(d); Wis. Stat. § 134.90(1)(c).  All plaintiff does is unilaterally allege what it did to keep certain information secret, and how defendants allegedly misappropriated those secrets, while ignoring the pleading requirement that the information must "derive independent economic value, actual or potential, from not being generally known to, and not being

readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use." 765 ILCS 1065/2(d); Wis. Stat. Section 134.90(1)(c)(1); <u>Bondpro Corp. v. Siemens</u>, 463 F.3d 702, 709 (7th Cir. 2006). As such, plaintiff's claims should fail for this reason too.[2]

### D.  Even if Plaintiff's Claims Are Not Preempted, Counts III-IX Fail to State a Claim and Must Be Dismissed.

Plaintiff's response does not offer any legal argument in response to defendants' motion to dismiss counts III through IX, instead merely glossing over each count and offering its own reasons as to why its claims should be sustained. As an initial matter, the response strongly suggests that this is less a trade secret case and more a case where plaintiff seeks to stop competition but failed to secure a non-competition agreement. Again, plaintiff cannot escape the reality that it is obligated to provide the grounds of its entitlement to relief, which requires more than labels and conclusions and a formulaic recitation of the elements of causes of action. <u>Bell Atlantic</u>, 127 S. Ct. at 1965. Here, counts III through IX are nothing more than formulaic recitations. Plaintiff offers nothing in these counts to allow the Court to conclude the claims can ever rise beyond mere speculation. <u>See</u> Complaint, counts III – IX. Additional reasons why these claims cannot survive are set forth below.

For example, plaintiff's breach of duty of loyalty claim (count III), as alleged, does not provide any support for the idea that Pirl went beyond "preliminary competitive activities." Without such allegations, plaintiff's cause of action cannot survive.

---

[2] Moreover, much of what is claimed to be a trade secret is used in plain view of the public and customers. As such, the complaint itself belies that this information is a "trade secret."

Composite Marine Propellers, Inc. v. Van Der Woude, 962 F.2d 1263, 1265 (7th Cir. 1992).

Similarly, plaintiff's claim for breach of confidentiality agreement (count IV) must be dismissed because the information plaintiff seeks to protect is not a trade secret, much less confidential information. Nilssen, 963 F. Supp. at 672. And in any event, the law permits employees, such as Pirl, to take with him general skills and knowledge acquired during his tenure with OSR. Teradyne, Inc. v. Clear Comm. Corp, 707 F. Supp. 353, 356 (N.D. Ill. 1989). The law does not authorize relief against Pirl under this count, as he cannot be "compelled to erase from his mind" the knowledge and expertise he acquired when working for OSR. Amp, Inc. v. Fleischhacker, 823, F.3d 1199, 1202 (7th Cir. 1987). Thus, Count IV must be dismissed.

In counts V and VI of plaintiff's complaint (tortious interference with confidentiality agreement against Aqua Vac and tortious interference with prospective business advantage), there are simply no facts (aside from plaintiff's formulaic recitation) to demonstrate how Aqua Vac tortiously interfered with Pirl's confidentiality agreement or how both defendants tortiously interfered with plaintiff's business expectancies. Instead of providing such support, plaintiff merely argues around the notice pleading requirement articulated by Bell Atlantic and EEOC v. Concentra Health. Without pleading *something* to establish a claim beyond a mere recitation of the elements of each cause of action, counts V and VI must be dismissed.

Count VII (plaintiff's action for an accounting) must be dismissed regardless of whether it alleged that it has no adequate remedy at law, because plaintiff also alleges a breach of contract claim, as well as eight other causes of action which clearly provide

adequate legal remedies.³  This court has dismissed accounting claims where breach of contract is alleged.  <u>3Com Corp. v. Electronics Recovery Specialists</u>, 104 F. Supp. 2d 932, 941 (N.D. Ill. 2000); <u>Midwest Neoped Associates, Ltd. v. Allmed Financial Corp.</u>, 1999 WL 674747, at *1-2 (N.D. Ill. Aug. 23, 1999); <u>Oil Express National, Inc. v. Latos</u>, 966 F.Supp. 650, 652 (N.D.Ill.1997).  Accordingly, Count VII should be dismissed for this reason as well.

Regardless of which defendant Count VIII is directed to, plaintiff's unjust enrichment claim must be dismissed because the allegations contained in its claim are merely injuries plaintiff purportedly suffered from Pirl's alleged breach of his confidentiality agreement.  <u>Bucciarelli-Tieger v. Victory Records, Inc.</u>, 488 F. Supp. 2d 702, 713 (N.D. Ill. 2007).  Moreover, plaintiff has not alleged that Aqua Vac voluntarily accepted a benefit, a requisite element of this cause of action.  Rather, plaintiff merely alleges that "it would violate fundamental principles of equity and good conscience if *Defendants* were allowed to retain the fruits of their unjust enrichment."  (Complaint, ¶ 52).  Thus, plaintiff's attempt to impart liability on Aqua Vac for Pirl's purported breach of contract is wholly improper.  <u>Id.</u>

Finally, count IX (conversion) should be dismissed because plaintiff has not sufficiently alleged what "information" has purportedly been converted by defendants that does not amount to potential trade secrets.  These allegations are speculative, at best, and fail to put defendants truly on notice as to what was allegedly converted.  Accordingly, count IX must be dismissed.

---

³ Moreover, plaintiff's allegation of an inadequate legal remedy is yet another example of an insufficient, bare-bones allegations that has no detailed support.

## Conclusion

Having failed to secure non-competition agreements from its employees, including Pirl, plaintiff seeks to cobble together claims based on the alleged misappropriation of "trade secrets." However, almost all of such claims are preempted. But even the counts under ITSA and WTSA fail for the abject failure to identify any "trade secrets," much less independent economic value. Therefore, for each and all of the foregoing reasons, defendants, BRIAN PIRL and US AQUA VAC, INC., pray that this Court grant this motion and dismiss Plaintiff's Complaint with prejudice.

> BRIAN PIRL and MIDWEST APS & ACCESSORIES, INC., d/b/a US AQUA VAC, INC.
>
> By: /s Jenifer H. Caracciolo
>     One of its attorneys

David S. Wayne
Hal R. Morris
Jenifer H. Caracciolo
ARNSTEIN & LEHR LLP
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606
(312) 876-7100
Atty. No.  25188

8119936_1.DOC

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on June 9 2008, s/he electronically filed Defendants' Motion to Dismiss with the clerk of the United States District Court for the Northern District of Illinois using the CM/ECF electronic filing system, which electronically served notification and a copy of such filing to:

Lisa D Johnson    lisa.johnson@hklaw.com

Robert H. Lang    rhlang@hklaw.com

Trisha Michelle Rich    trisha.rich@hklaw.com

/sJenifer H. Caracciolo