**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ORGANIC SEDIMENT REMOVAL SYSTEMS, LIMITED LIABILITY COMPANY, a Wisconsin Limited liability company, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. Case No. 1:08-cv-00976 ) ) Hon. Marvin E. Aspen |
| BRIAN PIRL and MIDWEST CAPS & ACCESSORIES, INC. d/b/a U S AQUA VAC INC., an Illinois Corporation, | ) ) ) ) |
| Defendants. | ) ) |

**MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff, Organic Sediment Removal Systems ("OSR"), by its attorneys, moves the Court, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, for a preliminary injunction:

(1) restraining and enjoining Brian Pirl ("Pirl") and Midwest Caps & Accessories, Inc. d/b/a US Aqua Vac, Inc. ("US") from:

    (a) operating any business with OSR which would lead to the inevitable disclosure and/or use of OSR's Business Trade Secrets, including those business programs, products, applications, systems, technologies and business procedures typically used by entities having purchased distributorships from OSR and/or its business partner Sediment Removal Solutions, Inc. or "SRS;"

    (b) using any device or apparatus developed from information Pirl and US misappropriated from OSR, including but not limited to the apparatus currently used by Pirl and US which is similar to the apparatus used by OSR's divers to hose and pump different diameters to enable its suctioning ability, perform sediment removal simultaneously and filter out materials such as large rocks that customers do not desire or need to be removed from the bottom of a waterway ("OSR Apparatus");

    (c) reproducing, disclosing, publishing and/or using any information defined as "Business Trade Secrets" or "Confidential Information" in Pirl's

1

        Confidentiality Agreement with OSR, including but not limited to OSR's (1) methodologies, systems, procedures and protocols learned by Pirl during his employment with OSR, including those typically used by entities having purchased distributorships from OSR and/or SRS; (2) OSR's pricing information; (3) OSR's customer contact information; and

    (d)    publishing marketing materials which are identical or at least substantially similar to aspects of OSR's marketing materials;

and

    (2)    compelling Pirl and US to:

        (a)    return any and all documents, photographs and other materials containing or reflecting information and/or devices used in OSR's business and defined as either "Business Trade Secrets" or "Confidential Information" in Pirl's Confidentiality Agreement with OSR; and

        (b)    destroy any and all documents, materials, devices and/or other tangible things derived from information Pirl and US misappropriated from OSR; including but not limited to the apparatus currently used by Pirl and US which is similar to the OSR Apparatus;

all pending a hearing and determination of OSR's request for a permanent injunction as set forth in its Complaint. As grounds herefor, OSR states:

    1.    OSR, through the use of its specialized methods, technologies and processes is in the business of cleaning the bottoms of ponds and other waterways, such as those found on golf courses. Traditionally, such services have been performed through more cumbersome and messier methods such as draining the pond or waterway or using a barge to remove the sediment and "muck" that can be found on the bottom of ponds and other waterways. Therefore, OSR, through its methods, technologies and processes, has been able to drastically improve such services to customers and to sell distributorships giving the limited right to use such methods, technologies and processes for a price of $150,000.00 and subject to confidentiality and other restrictive covenants required by OSR.

2.      As set forth in the Complaint, though US was not a competitor to OSR prior to Pirl's employment by OSR, US started to compete against OSR in its business after Pirl became employed with OSR as a diver on or about May 8, 2006.

3.      Prior to his employment by OSR, Pirl had no meaningful experience in the areas of OSR's business and did not have the requisite technical expertise and knowledge to even attempt to compete with OSR.

4.      Yet, after a little more than five months of employment with OSR, Pirl's business US had developed a device very similar to the OSR Apparatus and was aggressively competing against OSR's bids and for its prospective customers. OSR has witnesses and photographed Pirl's and US' use of such device in competition against OSR.

5.      OSR developed the OSR Apparatus over a substantial number of years and at great expense. Similarly, establishing itself as a competitor in the business took years and could not have been accomplished in the short five-month period US has been in the business.

6.      US's current competition with OSR is a direct result of its and Pirl's misappropriation of OSR's Business Trade Secrets, including but not limited to those business programs, products, applications, systems, technologies and business procedures typically licensed for a substantial fee by OSR in the form of distributorships obtained by others in the industry from OSR's business partner, SRS.

7.      During the course of his employment with OSR, Pirl was given access to a proprietary OSR Apparatus in the course of performing his ordinary duties as a diver.

8.      Upon information and belief, while employed at OSR, Pirl illicitly took photographs of the OSR Apparatus to enable him to replicate the OSR Apparatus for use in US' business operations.

9. Upon information and belief, Pirl also illicitly obtained OSR's pricing information to undercut OSR in bidding and OSR's customer contact information to contact OSR's prospective customers on US' behalf.

10. The information misappropriated by Pirl and US is secret and highly confidential. OSR employs the following measures to protect the secrecy of such information:

    a. OSR does not publicly advertise the OSR Apparatus. For example, OSR's Internet website as well as its other advertising materials do not depict the entire OSR Apparatus through a photograph, diagram or other visual aid;

    b. OSR has required its divers, including Pirl, to execute Confidentiality and Non-Disclosure Agreements to protect OSR trade secrets;

    c. OSR's executive staff does not allow customer contact information to be freely disseminated to OSR representatives such as its divers; and,

    d. OSR's executive staff attempts to restrict information regarding OSR's pricing to OSR's executive and sales staff (excluding divers) who need to know such information. For example, OSR does not advertise its pricing information or variables that affect pricing.

11. The information misappropriated by Pirl and US constitutes "trade secrets" within the meaning of Section 2(b) of the Illinois Trade Secrets Act ("ITSA") (765 ILCS 1065/1, et seq.) and OSR derives substantial economic value from the secrecy of such information, above as clearly evidenced by its ability to garner a licensing fee of $150,000.00 in connection with SRS distributorships.

12. Pirl's and US' illicit taking of such information and current use of that information to compete against OSR, to OSR detriment and harm, constitutes a calculated, willful and malicious violation of the ITSA.

13. Additionally, without regard to whether such information constituted trade secrets under the ITSA, Pirl's and US' conduct in misappropriating the information used to develop a devise similar to the OSR Apparatus and otherwise compete unfairly with OSR, both during and

4

after Pirl's employment with OSR, also constitutes a willful breach of and tortious interference with the Confidentiality Agreement Pirl entered into with OSR.

14.     While employed at OSR, Pirl executed a "Confidentiality and Non-Disclosure Agreement" (the "Confidentiality Agreement") dated May 8, 2006, a true and correct copy of which is attached hereto and incorporated herein as Exhibit "A."

15.     Pursuant to the Confidentiality Agreement, both during his employment and thereafter, Pirl agreed not to reproduce, divulge, publish, communicate, use or utilize without OSR's express written consent information defined therein as "Business Trade Secrets" or "Confidential Information."  Pursuant to the Confidentiality Agreement, Pirl also agreed to return all Confidential Information (including Business Trade Secrets) within fifteen days of OSR's demand for the return thereof.

16.     OSR has made written demand for the return of its trade secrets misappropriated by Pirl and US on at least two (2) separate occasions and on both occasions, Pirl has failed to accede to such demands.

17.     In view of the totality of Pirl's and US' dishonest behavior, including their calculated misappropriation of the OSR Apparatus and OSR's other trade secrets, there can be no assurance that Pirl and US will cease using OSR such misappropriated trade secrets if so ordered by the Court unless Pirl and US also are ordered to cease competition with OSR altogether for such time as necessary to prevent the inevitable use and disclosure of OSR's trade secrets.

18.     Unless this Motion is granted, OSR will suffer immediate and irreparable injury, loss and damage if Pirl and US are permitted to continue to use and disclose OSR's Trade Secrets and other confidential information and to continue to unfairly compete against OSR with a business derived entirely from such misappropriated Trade Secrets and confidential information.

19. In further support of this Motion, OSR incorporates herein and files concurrently herewith, a Memorandum in support of this Motion for Preliminary Injunction and affidavits from Richard Kohutko, Warren Shaffer and Andy Abramson.

WHEREFORE, OSR requests that this Court enter an order and preliminary injunction:

(1) restraining and enjoining Brian Pirl ("Pirl") and Midwest Caps & Accessories, Inc. d/b/a US Aqua Vac, Inc. ("US") from:

    (a) operating any business with OSR which would lead to the inevitable disclosure and/or use of OSR's Business Trade Secrets, including those business programs, products, applications, systems, technologies and business procedures typically used by entities having purchased distributorships from OSR and/or its business partner Sediment Removal Solutions, Inc. or "SRS;"

    (b) using any device or apparatus developed from information Pirl and US misappropriated from OSR, including but not limited to the apparatus currently used by Pirl and US which is similar to the apparatus used by OSR's divers to hose and pump different diameters to enable its suctioning ability, perform sediment removal simultaneously and filter out materials such as large rocks that customers do not desire or need to be removed from the bottom of a waterway ("OSR Apparatus");

    (c) reproducing, disclosing, publishing and/or using any information defined as "Business Trade Secrets" or "Confidential Information" in Pirl's Confidentiality Agreement with OSR, including but not limited to OSR's (1) methodologies, systems, procedures and protocols learned by Pirl during his employment with OSR, including those typically used by entities having purchased distributorships from OSR and/or SRS; (2) OSR's pricing information; (3) OSR's customer contact information; and

    (d) publishing marketing materials which are identical or at least substantially similar to aspects of OSR's marketing materials;

and

(2) compelling Pirl and US to:

    (a) return any and all documents, photographs and other materials containing or reflecting information and/or devices used in OSR's business and defined as either "Business Trade Secrets" or "Confidential Information" in Pirl's Confidentiality Agreement with OSR; and

    (b)    destroy any and all documents, materials, devices and/or other tangible things derived from information Pirl and US misappropriated from OSR; including but not limited to the apparatus currently used by Pirl and US which is similar to the OSR Apparatus;

all pending a hearing and determination of OSR's request for a permanent injunction as set forth in its Complaint.

Dated: July 28, 2008

                                          Respectfully submitted,

                                          PLAINTIFF ORGANIC SEDIMENT REMOVAL SYSTEMS, INC.,

                         By:    */s/ Lisa D. Johnson*
                                   One of its Attorneys

Robert H. Lang (6225414)
Lisa D. Johnson (6280293)
HOLLAND & KNIGHT LLP
131 S. Dearborn, St., 30th Fl.
Chicago, Illinois 60603
Tel: (312) 263-3600
Fax: (312) 578-6666

# 5261710_v1