# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ORGANIC SEDIMENT REMOVAL SYSTEMS,    )
LIMITED LIABILITY COMPANY, a Wisconsin    )
Limited liability company,    )
    )
        Plaintiff,    )
    )    Case No. 1:08-cv-00976
v.    )
    )    Hon. Marvin E. Aspen
BRIAN PIRL and MIDWEST CAPS & ACCESSORIES,    )
INC. d/b/a U S AQUA VAC INC., an Illinois    )    **JURY DEMANDED**
Corporation,    )
    )
        Defendants.    )

## DECLARATION OF WARREN SHAFER

Under the penalties of perjury as set forth in 28 U.S.C. § 1746, if called upon, I could

competently testify as follows:

    1.    I am over 18 years of age and mentally competent to make this Declaration. This

Declaration is based in large part on my own personal knowledge.

    2.    I am a shareholder of Sediment Removal Solutions, Inc., an Illinois corporation

("SRS").

    3.    SRS through a November, 2007 transaction, purchased from Plaintiff ("OSR") a

portion of OSR's business to allow SRS to distribute OSR's know-how and muck cleaning

business practices to others, and OSR retains an economic interest in such contracting. SRS has

entered into a confidentiality agreement with OSR dated April 12, 2007 to protect OSR's

confidential business information. Attached hereto as Attachment 1 is a true and correct copy of

a manual that SRS provides to distributors under the protection of confidentiality agreements. I

understand this manual (the "Manual") to compile the specialized information and knowledge

that OSR has gained over years and experience, and we guard the secrecy of the Manual since the information contained in it is worth a lot of money, and we want to make sure persons or entities pay for this information before receiving it. The Manual is so important that it is a "book of secrets" to us at SRS.

4.    SRS has in fact entered into two distributorship agreements and has sold the distributorships for the amount of $150,000.00 each over the time period of November 1, 2007 through the present. SRS has required actual distributors, or those applying to be distributors, to enter into confidentiality agreements.

5.    I understand that the trade secrets that OSR seeks to protect in this lawsuit ("Trade Secrets") are as follows: (1) the assembly of the OSR Apparatus; (2) how the various components of the OSR Apparatus function and interact; (3) techniques in using the OSR Apparatus; (4) pricing information; (5) potential customer contacts and the process of researching and finding targets and leads; and, (6) Processes outside of the assembly and use of the OSR Apparatus. These Trade Secrets are a large portion of what SRS purchased from OSR.

6.    I learned in 2008 that Defendant Brian Pirl ("Pirl") formed "Midwest Caps & Accessories, Inc." as an Illinois corporation on May 24, 2005, well before he joined OSR. Prior to Pirl joining OSR, I never knew this entity to be a competitor of OSR's. But, as I have recently discovered, on August 24, 2006, Pirl applied for a d/b/a for the "Midwest Caps" entity, "U S Aqua Vac Inc." Pirl now does business under "U S Aqua Vac Inc."

7.    Photos of the OSR Apparatus and the device used by Pirl show that Pirl's "Aqua Vac" is a copy of OSR's device. *See*, Attachment 1(a), true and correct copies of photos.

8.    Since August, 2006 or sooner, Pirl has done business under the name U S Aqua Vac ("US") and has directly competed, or attempted to compete with OSR (and investigation

2

continues as to whether Pirl was directly competing while employed by OSR). US' Internet website, www.usaquavac.com, indicates that US is now in the same business as OSR, though it was not in OSR's same business prior to OSR's employment of Pirl.

9.    Through Andy Abramson, a private investigator, and also through hearing directly from potential and actual customers and distributors, I have come to know that Pirl and US are doing the following:

  a.    Using a device similar to the OSR Apparatus in US' business operations;

  b.    Using Processes that he learned while employed at OSR in US' business operations;

  c.    Using knowledge of OSR's pricing information to undercut OSR in bidding and to otherwise gain an improper competitive advantage;

  d.    Using knowledge of OSR's customer contact information to contact potential OSR customers on behalf of US;

  e.    Publishing marketing materials which are substantially similar to aspects of OSR's marketing materials;

  f.    Publishing OSR's confidential information to the public-at-large, including, but not limited to, in a magazine article. (A true and correct copy of the referenced article is attached as Attachment 2); and,

  g.    By otherwise misappropriating OSR Trade Secrets in US' business operations.

Attached as Attachment 3 are true and correct copies of photos of OSR/SRS equipment that I took in late June, 2008.

10.    Further, in addition to protecting such information with confidentiality agreements, SRS disseminates confidential information on a need-to-know basis and does not make such information available to persons outside SRS' or OSR's executive and sales staff.

11.    I believe that Pirl has been using his knowledge of OSR's potential leads and customers as well as OSR's pricing information to solicit those potential leads and customers and to undercut OSR's bidding for jobs, or to jeopardize SRS/OSR's efforts at distributorships.

_____

Warren Shafer

# 5471932_v1

4

# NOTICE

## ATTACHMENTS TO DECLARATION CONTAIN
## CONFIDENTIAL TRADE SECRET INFORMATION

## PLAINTIFF HAS REQUESTED LEAVE OF COURT TO FILE ATTACHMENTS
## UNDER SEAL AND WILL DO SO ONCE SUCH LEAVE IS GRANTED