# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ORGANIC SEDIMENT REMOVAL SYSTEMS, LIMITED LIABILITY COMPANY, a Wisconsin Limited liability company, <br><br>     Plaintiff, <br><br>v. <br><br>BRIAN PIRL and MIDWEST CAPS & ACCESSORIES, INC. d/b/a U S AQUA VAC INC., an Illinois Corporation, <br><br>     Defendants. | )<br>)<br>)<br>)<br>) Case No. Case No. 1:08-cv-00976<br>)<br>) Hon. Marvin E. Aspen<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

  Plaintiff Organic Sediment Removal Systems, LLC ("OSR"), pursuant to Fed. R. Civ. P. 26(d), requests that the court enter an order for expedited discovery.  In support of its motion, OSR states as follows:

  1. OSR, through use of its specialized methods, technologies and processes is in the business of cleaning the bottoms of ponds and other waterways, such as those found on golf courses.

  2. Brian Pirl ("Pirl") is a former employee of OSR and commenced his employment with OSR as a diver on or about May 8, 2006 and Pirl terminated such employment in or around October, 2006.  Prior to his employment by OSR, Pirl had no meaningful prior job experience in the areas of OSR's business.

  3. Midwest Caps & Accessories, Inc. d/b/a US Aqua Vac, Inc. ("US") is an Illinois corporation originally formed by Pirl on May 24, 2005.  As indicated by US' Internet website,

www.usaquavac.com, US is now in the same business as OSR, but was not in OSR's same business prior to Pirl's employment by OSR.

  4.  In this action, OSR alleges that Pirl acquired Trade Secrets belonging to OSR by improper means and used those Trade Secrets in the business operations of US.

  5.  OSR further contends that Pirl breached his Confidentiality Agreement with OSR and continues to breach certain other legal duties owed to OSR by:

    a. using a device similar to the a propriety apparatus used by OSR ("OSR Apparatus") in US' business operations. Upon information and belief, Pirl, while employed at OSR, illicitly took photographs of the OSR Apparatus to enable him to attempt to replicate the OSR Apparatus for use in US' business operations;

    b. using methodologies, systems, procedures and protocols that he learned while employed at OSR in US' business operations;

    c. using knowledge of OSR's pricing information illicitly obtained while employed by OSR to undercut OSR in bidding and to otherwise gain an improper competitive advantage;

    d. using knowledge of OSR's customer contact information illicitly obtained while employed by OSR to contact potential OSR customers on behalf of US;

    e. publishing marketing materials which are identical or at least substantially similar to aspects of OSR's marketing materials;

    f. publishing OSR's confidential information to the public-at-large, including, but not limited to, a magazine article; and,

    g. otherwise misappropriating OSR Trade Secrets in US' business operations.

  6.  Pirl's foregoing conduct, and US' conduct in concert with Pirl, has caused and continues to cause OSR irreparable harm for which there is no adequate remedy at law, including but not limited to a loss of good will, customers, and the competitive advantage derived from its Trade Secrets and their secrecy.

7.    To prevent further harm by Pirl and US, OSR has moved for a preliminary injunction enjoining Pirl's and US's continued misappropriation of its Trade Secrets and to enforce Pirl's Confidentiality Agreement with OSR.

8.    Expedited discovery is needed to adequately present the depth and breadth of Pirl's and US' improper conduct to the court at the hearing on the motion for preliminary injunction.

9.    Moreover, if discovery is not expedited, information necessary to evaluate critical issues raised in the Complaint and Motion for Preliminary Injunction will not be available for months, causing further irreparable harm to OSR.

10.   Conducting discovery pursuant to the following expedited discovery schedule is equitable to the parties and helpful to an efficient resolution of the matters at issue:

(a)    all parties may serve written discovery immediately;

(b)    responses to written discovery should be tendered within 21 business days from the date of service of such discovery; and

(c)    all parties must be available for deposition on or before 21 business days from the date such party tenders such response.

11.   OSR filed its Complaint on February 15, 2008, prior to the commencement of the Spring, Summer and Fall Seasons where OSR (and presumably US) do most of their business. Once the Spring season was in full swing, OSR retained a private investigator to confirm the various allegations of OSR's Complaint and to provide documentary evidence thereof, and OSR has promptly brought this Motion after a full analysis of such evidence.

WHEREFORE, for each and all of the foregoing reasons, Organic Sediment Removal Industries, Inc. moves for entry of an order granting leave to conduct discovery in accordance

4

with the discovery schedule set forth herein, or on any other expedited schedule the Court deems just and proper.

Dated: July 28, 2008

                Respectfully submitted,

                PLAINTIFF ORGANIC SEDIMENT REMOVAL SYSTEMS, INC.,

By:   */s/ Lisa D. Johnson*
       One of its Attorneys

Robert H. Lang (6225414)
Lisa D. Johnson (6280293)
HOLLAND & KNIGHT LLP
131 S. Dearborn, St., 30th Flr.
Chicago, Illinois 60603
Tel: (312) 263-3600
Fax: (312) 578-6666

# 5261104_v1