IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ORGANIC SEDIMENT REMOVAL SYSTEMS, LIMITED LIABILITY COMPANY, a Wisconsin Limited liability company,<br><br>                Plaintiff,<br><br>v.<br><br>BRIAN PIRL and MIDWEST CAPS & ACCESSORIES, INC. d/b/a U S AQUA VAC INC., an Illinois Corporation,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. Case No. 1:08-cv-00976<br>)<br>) Hon. Marvin E. Aspen<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR LEAVE TO FILE MATERIALS UNDER SEAL

Plaintiff, Organic Sediment Removal Systems ("OSR"), by its attorneys, moves the Court for leave to file photographs and other materials reflecting confidential and trade secret information belonging to OSR and at issue in this lawsuit. In support of its Motion, OSR states as follows:

1. OSR, through use of its specialized methods, technologies and processes is in the business of cleaning the bottoms of ponds and other waterways, such as those found on golf courses.

2. Brian Pirl ("Pirl") is a former employee of OSR and commenced his employment with OSR as a diver on or about May 8, 2006 and Pirl terminated such employment in or around October, 2006. Prior to his employment by OSR, Pirl had no meaningful prior job experience in the areas of OSR's business.

3. Midwest Caps & Accessories, Inc. d/b/a US Aqua Vac, Inc. ("US") is an Illinois corporation originally formed by Pirl on May 24, 2005. As indicated by US' Internet website,

1

www.usaquavac.com, US is now in the same business as OSR, but was not in OSR's same business prior to Pirl's employment by OSR.

    4. In this action, OSR alleges that Pirl acquired Trade Secrets belonging to OSR by improper means and used those Trade Secrets in the business operations of US.

    5. OSR further contends that Pirl breached his Confidentiality Agreement with OSR and continues to breach certain other legal duties owed to OSR by:

    a. using a device similar to the a propriety apparatus used by OSR ("OSR Apparatus") in US' business operations. Upon information and belief, Pirl, while employed at OSR, illicitly took photographs of the OSR Apparatus to enable him to attempt to replicate the OSR Apparatus for use in US' business operations;

    b. using methodologies, systems, procedures and protocols that he learned while employed at OSR in US' business operations;

    c. using knowledge of OSR's pricing information illicitly obtained while employed by OSR to undercut OSR in bidding and to otherwise gain an improper competitive advantage;

    d. using knowledge of OSR's customer contact information illicitly obtained while employed by OSR to contact potential OSR customers on behalf of US;

    e. publishing marketing materials which are identical or at least substantially similar to aspects of OSR's marketing materials;

    f. publishing OSR's confidential information to the public-at-large, including, but not limited to, a magazine article; and,

    g. otherwise misappropriating OSR Trade Secrets in US' business operations.

    6. Pirl's foregoing conduct, and US' conduct in concert with Pirl, has caused and continues to cause OSR irreparable harm for which there is no adequate remedy at law, including but not limited to a loss of good will, customers, and the competitive advantage derived from its Trade Secrets and their secrecy.

7.	As a result, OSR has moved for a preliminary injunction and wishes to attach various photographs providing physical evidence of US' and Pirl's alleged misconduct and its right to such an injunction. However, these photographs disclose the valuable confidential and trade secret information belonging to OSR at issue in this case and/or the derivations of that misappropriated information developed by Pirl and US in violation of the Illinois Trade Secrets Act and Pirl's fiduciary duties to OSR.

8.	Thus, OSR requests leave of court to file such materials supporting its Motion for Preliminary Injunction under seal as a restricted document pursuant to Local Rules 26.2 and 5.8.

WHEREFORE, OSR requests that this court enter an order granting it leave to file all photographic exhibits to its Motion for Preliminary Injunction and/or the affidavits submitted in support thereof as restricted documents under seal.

Dated: July 28, 2008

    Respectfully submitted,

    PLAINTIFF ORGANIC SEDIMENT REMOVAL SYSTEMS, INC.,

By:	*/s/ Lisa D. Johnson*
    One of its Attorneys

Robert H. Lang (6225414)
Lisa D. Johnson (6280293)
HOLLAND & KNIGHT LLP
131 S. Dearborn, St., 30th Fl.
Chicago, Illinois 60603
Tel: (312) 263-3600
Fax: (312) 578-6666

# 5501335_v1