IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ORGANIC SEDIMENT REMOVAL SYSTEMS, LIMITED LIABILITY COMPANY, a Wisconsin Limited liability company,<br><br>           Plaintiff,<br><br>v.<br><br>BRIAN PIRL and MIDWEST CAPS & ACCESSORIES, INC. d/b/a U S AQUA VAC INC., an Illinois Corporation,<br><br>           Defendants. | Case No. 1:08-cv-00976<br><br>Hon. Rebecca R. Pallmeyer<br><br>**JURY DEMANDED** |

### STIPULATED PROTECTIVE ORDER

This cause coming to be heard on the agreed motion of Plaintiff Organic Sediment Removal Systems, LLC ("Plaintiff" or "Organic Sediment") and of Defendants Brian Pirl ("Pirl") and Midwest Caps & Accessories, Inc. d/b/a US Aqua Vac Inc. ("US") (collectively "Defendants") for a Protective Order pursuant to Federal Rule of Civil Procedure 29, as justice requires to prevent disadvantage and oppression resulting from the disclosure of their commercial and proprietary secrets, the parties having mutually agreed and the Court being fully advised;

    1.    The term "Confidential Information" means information that is disclosed in discovery or pursuant to disclosure rules that is designated as Confidential by any party or non-party to this litigation.

    2.    A party or non-party to this litigation may designate as Confidential, and therefore subject to the Stipulated Protective Order as "Confidential Information," any type or classification of information, which the producing party in good faith considers to contain or constitute a trade secret, proprietary, or other sensitive business information, whether revealed during a deposition, in a document, in an interrogatory answer, or otherwise.

3. Written information or documents, or any portion thereof, should be designated as Confidential by placing on each page a stamp or notice stating "CONFIDENTIAL" in a manner that will not interfere with the legibility of the written information. If information or documents are produced on a computer storage medium such as a CD-ROM, such information or documents should be designated as Confidential by placing a stamp or notice stating "CONFIDENTIAL" on the CD-ROM or other storage medium. If any Confidential Information is inadvertently produced without such stamp or notice, the producing party will provide written notice to the receiving party that the information or documents shall be treated as Confidential Information under the Stipulated Protective Order, and the producing party will promptly thereafter furnish the receiving party with a substitute set of documents bearing the correct stamp or notice and the receiving party will return or destroy the original set.

4. With respect to all original documents that are made available for inspection, designation by marking as "CONFIDENTIAL" need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials made available for inspection shall be treated as if designated with stamp or notice stating "CONFIDENTIAL" at the time of inspection.

5. Information disclosed at the deposition of (a) a party, (b) one of its past or present officers, directors, employees, agents, or vendors, or (c) an expert retained by a party, may be designated as Confidential by a statement on the record, or within thirty days of the receipt of the transcript of the deposition, that the testimony, or that part of the testimony, is confidential and subject to the provision of this Stipulated Protective Order.

6.  Confidential Information shall be used only for the purposes of the preparation and trial of this action, and shall not be used by any recipient for any commercial or other purpose not related to this action. Further, Confidential Information shall not be disclosed, given, shown, made available, or communicated in any way to anyone other than:

    a.    The attorneys of record for each of the parties to this litigation, and their partners, associates, paralegals, secretaries, and employees;

    b.    The receiving party and its employees on a "need to know" basis;

    c.    Not more than four (4) consulting or testifying experts retained by counsel for the receiving party in this action; provided, however, that no Confidential Information shall be revealed to such experts until the conditions detailed in paragraphs 8 and 9 have been met;

    d.    Graphics or design services retained by the parties in connection with this litigation;

    e.    The Court and its personnel, including clerks and court reports, subject to paragraphs 11, 12, 13 and 15 ; and

    f.    The author(s) or prior recipient(s) of the Confidential Information.

7.  A party may contend in good faith that certain information, documents, things or materials contain information of an especially sensitive commercial or proprietary nature, as to which the parties are direct competitors. A party producing such information, documents, things or materials may designate same as "Highly Confidential-Attorneys' Eyes Only" when produced, if the producing party believes in good faith that one of the following two conditions are met:

(a)  the information at issue constitutes, reflects or concerns trade secrets and/or other information likely to result in the loss of a competitive position if disclosed to a competitor; **or**

(b)  the disclosure of such information to the persons described in section 6(b) would jeopardize or compromise the confidentiality of the information.

A party producing information, documents, things, or materials designated as "Highly Confidential-Attorneys' Eyes Only" must provide a written explanation for the "Highly Confidential-Attorneys'

Eyes Only" designation upon request by the other party. A party producing such information, documents, things, or materials may designate same as "Highly Confidential-Attorneys' Eyes Only" in the same ways described in paragraphs 3-5 for Confidential Information. Unless the Court orders otherwise, information, documents, things or material designated as "Highly Confidential-Attorneys' Eyes Only" when produced shall be disclosed only to persons described in section 6(a) and (e). Highly Confidential-Attorneys' Eyes Only Information may also be disclosed to a disclosed testifying expert if, and only if, the attorney(s) of record for the producing party provides prior written consent.". By way of clarification and not by way of limitation, it is agreed and understood that a party's In-House Attorney (designated under section 6(a)) shall not disclose or share materials marked "Highly Confidential-Attorneys' Eyes Only" with any employee, agent, or representative of a party, other than those persons described in sections 6(a) and (e) and those disclosed testifying experts previously approved by the attorney(s) of record for the producing party. Information, documents, things or material designated as "Highly Confidential-Attorneys' Eyes Only" may be disclosed to the purported author(s) or prior recipient(s) only upon the approval of the attorney(s) of record for the producing party.

8.  If any party desires to disclose or make available Confidential Information to any consulting expert, it must first indicate such intent to counsel for each of the other parties and confirm that the consulting expert has agreed to and executed the affidavit attached hereto as Exhibit A. Counsel for such party agrees to retain the executed original affidavit of any consulting expert through the pendency of this matter and any appeals and at the conclusion of the matter or appeals shall either (1) file the affidavit under seal such that the identify of the consulting expert remains secret or (2) provide a true and accurate copy of the executed affidavit to the attorney(s) of record for the other party. If any party desires to disclose or make available Highly Confidential-

Attorneys' Eyes Only or Confidential Information to any disclosed testifying expert, it must first notify counsel for each of the other parties of that expert's identity and deliver to such counsel an executed copy of the affidavit attached hereto as Exhibit A. Such identification shall include, at least, the full name and business address and/or affiliation of the proposed expert and a current curriculum vitae of the expert. Any party objecting to the disclosure of documents to an expert shall have 10 days from receiving notice of other party's intent to disclose such documents to object. Disclosure shall not be made to any expert prior to the expiration of this 10 day period or, if earlier, approval by the attorney(s) of record for the producing party having designated the document as Highly Confidential-Attorneys' Eyes Only or Confidential Information. The parties shall attempt in good faith to resolve any objections informally. If the objections cannot be resolved, the party seeking to disclose the Highly Confidential-Attorneys' Eyes Only or Confidential Information to the expert may move for an Order of the Court allowing the disclosure. In the event that objections are made and not resolved informally, disclosure of the Highly Confidential-Attorneys' Eyes Only or Confidential Information to the expert shall not be made except by Order of the Court.

9. Before any Highly Confidential-Attorneys' Eyes Only or Confidential Information may be disclosed to any expert, he or she must read this Stipulated Protective Order and execute a copy of the Affidavit attached as Exhibit A agreeing to be bound by the terms of this Stipulated Protective Order. The party disclosing such Highly Confidential-Attorneys' Eyes Only or Confidential Information or its attorney(s) shall be responsible for retaining the original of the Affidavit signed by the expert to whom such Confidential Information is disclosed.

10. A third party required to produce documents by subpoena or order of the court may likewise designate documents as "Confidential" or "Highly Confidential-Attorneys' Eyes Only"

when produced, if the producing party believes in good faith that such is appropriate under the standards set forth above. The party seeking such documents from the third party shall deliver a copy of this Protective Order to that third party and notify that third party of its right to designate documents as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" pursuant to this Protective Order.

11. Nothing in this Stipulated Protective Order shall prohibit the use of, or reference to, any Confidential or Highly Confidential-Attorneys' Eyes Only Information in court or in any deposition; provided, however, that the party using or planning to use such information shall take reasonable steps to eliminate or minimize the risk of disclosure to unauthorized persons.

12. Any Confidential or Highly Confidential-Attorneys' Eyes Only Information that either party intends to use or otherwise question the opposing party and/or third-party with or about at a deposition must be designated to the opposing party's attorney at least seven (7) days prior to such deposition, and any such prohibition as to disclosure to the opposing party or third-party witness shall be waived for those purposes only. However, all other confidentiality provisions of this Stipulated Protective Order remain in full force and effect. A party may not designate or use any document or information marked as Confidential or Highly Confidential-Attorneys' Eyes Only Information for use at a deposition to be attended by any person to whom disclosure of the Confidential or Highly Confidential-Attorneys' Eyes Only Information is otherwise precluded under the terms of this Protective Order without the prior consent and approval of the attorney(s) of record for the producing party having designated the information Confidential or Highly Confidential-Attorneys' Eyes Only.

13. If a party wishes to file Confidential or Highly Confidential-Attorneys' Eyes Only Information with the Court, it shall take reasonable steps to ensure that such information is

impounded, kept under seal, and unavailable to the public, in accordance with the applicable Federal Rules of Civil Procedure and Local Rules of the Northern District Court.

14. All Confidential or Highly Confidential-Attorneys' Eyes Only Information identified in accordance herewith filed with the Court shall be filed under seal pursuant to local rule in sealed envelopes or containers prominently marked with the caption of this case and notation:

> CONFIDENTIAL INFORMATION
>
> This envelope (or container) contains confidential documents, materials, or other things subject to a Protective Order of the Court. The contents of this envelope (or container) shall not be displayed or revealed except by Order of the Court.

15. Confidential Information or Highly Confidential-Attorneys' Eyes Only Information identified in accordance herewith may be disclosed in testimony at a trial or other evidentiary hearing in this action, or disclosed at a hearing on a motion for preliminary injunction or a motion for summary judgment or other dispositive motion in this action, subject to the rules of evidence and subject to such further order as the Court may enter.

16. This Stipulated Protective Order applies only to the pre-trial phase of this action. Prior to the trial of the action, counsel for the parties shall attempt to reach agreement on the handling of Confidential or Highly Confidential-Attorneys' Eyes Only Information. Counsel for the parties shall submit such agreement (or their respective proposals, if no agreement can be reached) to the Court for consideration.

17. The recipient of Confidential Information or Highly Confidential-Attorneys' Eyes Only Information that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination (including dissemination to persons identified in paragraph 6) of such information as is exercised by the recipient with respect to its own proprietary information.

Each individual who receives Confidential Information or Highly Confidential-Attorneys' Eyes Only Information pursuant to this Order shall be deemed to have consented to the personal jurisdiction of this Court for the purpose of enforcement of this Order.

18. Nothing contained in the Stipulated Protective Order shall be construed as a judicial or other admission by any party that receives documents or other materials designated "Confidential" or "Highly Confidential-Attorneys' Eyes Only" that such materials are, in fact, Confidential or Highly Confidential-Attorneys' Eyes Only Information within the meaning of this Stipulated Protective Order. The terms of the Stipulated Protective Order do not operate as a waiver to any claim or defense regarding the documents or other materials designated "Confidential" or "Highly Confidential-Attorneys' Eyes Only." For good cause, any party may request that the Court revoke, modify, or amend a party's designation of information as Confidential or Highly Confidential-Attorneys' Eyes Only. Such a motion may be filed five days after the moving party serves a written request for modification or revocation to the party that designated the information as confidential. The party that initially made the designation of "Confidential" or "Highly Confidential-Attorneys' Eyes Only" shall bear the burden of proving that such information is Confidential or Highly Confidential-Attorneys' Eyes Only within the meaning of this Stipulated Protective Order. All documents and other materials designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" shall be treated by any recipient as such under the terms of this Stipulated Protective Order unless and until such designation is revoked by the designating party or by the Court pursuant to this paragraph.

19. Nothing contained in this Stipulated Protective Order shall be construed as a waiver by any party of its right to object to any discovery request made in this action. The execution of

this Stipulated Protective Order shall not constitute a waiver by any party of any applicable privilege.

20. Inadvertent production of attorney-client privileged or attorney work-product information shall not waive the attorney-client privilege or attorney work-product immunity if a request for return of such documents or information is made promptly after a producing party learns of its inadvertent production. This provision is not intended to affect the status of any document previously produced by any party in previous litigation or to waive any privilege or immunity that would not otherwise have been waived under relevant applicable law.

21. Nothing contained in this Stipulated Protective Order shall affect the right of the designating party to disclose its own Confidential or Highly Confidential-Attorneys' Eyes Only Information to any person or entity. Such disclosure shall not waive any of the protections of this Stipulated Protective Order.

22. The terms of this Stipulated Protective Order are applicable to Confidential or Highly Confidential-Attorneys' Eyes Only Information provided by a non-party in connection with this litigation, and such Confidential or Highly Confidential-Attorneys' Eyes Only Information provided by a non-party shall be protected by the remedies and relief provided by this Stipulated Protective Order.

23. This Stipulated Protective Order shall become effective between the parties upon their execution hereof, and shall govern the exchange of Confidential or Highly Confidential-Attorneys' Eyes Only Information between them prior to entry of this Stipulated Protective Order as an Order of the Court.

24. Upon final termination of this action, including all appeals, the attorneys for each party shall assemble and return to the opposing party all Confidential and Highly Confidential-

Attorneys' Eyes Only documents and Confidential and Highly Confidential-Attorneys' Eyes Only things produced by the opposing party and shall destroy all copies thereof made by the party which the respective parties have in their possession, custody or control. The attorneys for the parties shall be entitled to retain all litigation documents, including exhibits and their own memoranda, containing Confidential Information and Highly Confidential-Attorneys' Eyes Only Information but such litigation documents and memoranda shall be used only for the purpose of preserving a file on this action, and shall not, without the written permission of the opposing party or an order of this Court, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Stipulation and Order, during the course of this action.

25. This Stipulated Protective Order may be modified by written stipulation of the parties without further Order of the Court.

26. Grossly negligent, willful or intentional violation of this Stipulated Protective Order shall subject the offending party to claims for reasonable attorney's fees, costs and damages attendant to the violation.

AGREED:

Robert H. Lang (6225414)
Lisa D. Johnson (6280293)
HOLLAND & KNIGHT LLP
131 S. Dearborn, St., 30th Flr.
Chicago, Illinois 60603
Tel: (312) 263-3600
Fax: (312) 578-6666
(Attorneys for Plaintiff)

David Seth Wayne
Jenifer Hitt Caracciolo
Arnstein & Lehr, LLP
120 South Riverside Plaza, Ste 1200
Chicago, IL 60606-3913
(312) 876-7100
Fax: (312) 876-0288
(Attorneys for Defendants)

So Ordered:

_____
Judge of the Circuit Court

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ORGANIC SEDIMENT REMOVAL SYSTEMS, LIMITED LIABILITY COMPANY, a Wisconsin Limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>BRIAN PIRL and MIDWEST CAPS & ACCESSORIES, INC. d/b/a U S AQUA VAC INC., an Illinois Corporation,<br><br>        Defendants. | Case No. 1:08-cv-00976<br><br>Hon. Rebecca R. Pallmeyer |

### AFFIDAVIT

I, _____, state under the penalties of perjury that I have read the Stipulated Protective Order entered by the Court in this action, and acknowledge that I am bound and agree to be bound by its terms. I hereby consent to the personal jurisdiction of the Circuit Court of Cook County and the United States District Court for the Northern District of Illinois for any proceedings involving the enforcement of that Order.

        Signature:_____

        Print Name:_____

        Date:_____

# 5559323_v1

8175867.1